[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (NO. 144) AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (NO. 140)
The issue here is whether the plaintiff insurer, having paid out money on an underinsured motorist claim, may recover from the estate of the policyholder where the reimbursement claim is directed at the proceeds from a tort case brought by the executor against the landowner and lessee of the parking lot where the fatal accident took place. CT Page 291
Andra Angelo was killed when struck by a motor vehicle I in August, 1986 (prior to the effective date of the public act commonly referred to as "Tort Reform I"). The present motions are addressed to one of two closely related cases. The case at issue in the motions is Aetna v. Esposito, docket number 265271, which arises from the attempt by Aetna to claim a portion of any funds obtained by Nicholas Esposito, executor of Andra Angelo, in a separate tort action entitled Esposito v. Prassel, et al, docket number 234477. Esposito v. Prassel, et al is a suit in negligence against the driver (Prassel) of the vehicle which struck and killed Andra Angelo as well as the owner of the parking lot (Bracchi) and the lessee of the premises (F. W. Woolworth, Inc.).
The driver Prassel accepted Esposito's offer of judgment of $300,000.00, representing the limit of the liability policy on her car. Subsequently, in a claim for underinsured motorist benefits against Aetna, the estate received an arbitration award of an additional $300,000.00. Aetna has sued executor Esposito for a declaration that, pursuant to contractual language in the insurance policy, it is entitled to reimbursement from the proceeds of any judgment in Esposito's favor against Bracchi and/or Woolworth. Both Esposito and Aetna have moved for summary judgment, claiming that no issue of fact exists and that the question of Aetna's right to reimbursement may be decided as a matter of law.
"A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and the moving party is entitled to judgment as a matter of law." Connecticut Practice Book 384 (rev'd. to 1978, as updated to October 1, 1990); Yanow v. Teal Industries, Inc.,178 Conn. 262, 268 (1979). There is no issue of fact in this case. The question of whether Aetna's claim for a share of any proceeds in the suit against Bracchi and Woolworth can be sustained is one of law. The law in this case is Connecticut General Statutes 38-175c, and, more specifically, the insurance regulation promulgated thereunder, 38-175a-6 (a) through (d) of the Regulations of Connecticut State Agencies which provides:
PROTECTION AGAINST UNINSURED MOTORISTS
 "(a) Coverage. The insurer shall undertake to pay on behalf of the insured all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the CT Page 292 insured caused by an accident involving the uninsured motor vehicle. This coverage shall insure the occupants of every motor vehicle to which the bodily injury liability coverage applies. `Uninsured motor vehicle' includes a motor vehicle insured against liability by an insurer that is or becomes insolvent.
 "(b) Arbitration. The insurance may provide but not require that the issues of liability as between the insured and the uninsured motorist, and the amount of damages, be arbitrated. The insurer may provide against being bound by any judgment against the uninsured motorist.
 "(c) Exclusions. The insurer's obligations to pay may be made inapplicable:
 "(1) To any claim which has been settled with the uninsured motorist without the consent of the insurer;
 "(2) if the uninsured motor vehicle is owned by
 "(A) the named insured or any relative who is a resident of the same household or is furnished for the regular use of any of the foregoing,
 "(B) a self insurer under any motor vehicle law, or
"(C) any government or agency thereof;
 "(3) to pay or reimburse for workers' compensation or disability benefits.
 "(d) Limits of liability. The limit of the insurer's liability may not be less than the applicable limits for bodily injury liability specified in subsection (a) of section 14-112 of the general statutes, except that the policy may provide for the reduction of limits to the extent that damages have been
"(1) paid by or on behalf of any person CT Page 293 responsible for the injury,
 "(2) paid or are payable under any workers' compensation or disability benefits law, or
 "(3) paid under the policy in settlement of a liability claim. The policy may also provide that any direct indemnity for medical expense paid or payable under the policy or any amount of basic reparation benefits paid for payable under the policy will reduce the damages which the insured may recover under this coverage and any payment under these coverages shall reduce the company's obligation under the bodily injury liability coverage to the extent of the payment.
 "(e) Recovery over. The insurer may require the insured to hold in trust all rights against the third parties or to exercise such rights after the insurer has paid any claim, provided that the insurer shall not acquire by assignment, prior to settlement or judgment, its insured's right of action to recover for bodily injury from any third party."
Aetna argues that contractual language in the policy under which the underinsured benefits were paid may be enforced under subsection (e) above. The contract language relied on by Aetna is at Part F, section B, under "Our Right to Recover Payment:"
 B. If we make a payment under this policy, and the person to or for whom payment is made recovers damages from another, that person shall:
 1. Hold in trust for us the proceeds of the recovery; and
 2. Reimburse us to the extent of our payment.
Two issues are dispositive in this case: (1) whether the regulation above is an exhaustive list of the appropriate situations in which underinsured motorist liability may be limited, and (2) whether Connecticut law contemplates recovery by an insurer from collateral sources aside from other auto CT Page 294 liability policies.
The answer to the first question is yes; the situations enumerated under subsection (d) of the regulation are the only proper instances whereby limitation of underinsured liability is permitted. Such is the rule pronounced by the Supreme Court in Allstate Ins. Co. v. Ferrante, 201 Conn. 478,482-83 (1986): "[W]e have concluded that an insurer may not, by contract, reduce its liability for such underinsured motorist coverage except as 38-175a-6 of the Regulations of Connecticut State Agencies expressly authorizes."
This leads directly to the second question: whether any subsection of the regulation can be read to allow the claim here advanced by Aetna. Subsection (e), relied on by Aetna, is procedural in nature and does not in itself create a basis for the reimbursement claim. The rule in Ferrante makes clear that such liability limitations as are permitted must be "expressly" authorized. What subsection (e) states is a procedural method by which the rights expressly delineated in subsection (d) may be protected. The sole question remaining is whether subsection (d)(1) can be read to permit recovery by Aetna in the circumstances of this case. The answer to that question must be no in light of American Universal Ins. Co. v. DelGreco,205 Conn. 178, 181-82 and 192-93, which states:
 The arbitration panel, in a memorandum of decision dated July 22, 1986, held that the setoff provisions of 38-175c(b)(1) and the insurance regulations applied only to payments made by virtue of automobile bodily injury policies. . . .
 [The plaintiff] claims that the language, "all bodily injury liability bonds or insurance policies applicable at the time of the accident, which is contained in 38-175c(b)(1), is unqualified, and thus applies to any kind of insurance, including dram shop policies. In response, the defendant argues that these provisions apply only to automobile liability policies applicable at the time of the accident and to persons and/or organizations that are operators of the automobiles. The trial court agreed with the defendant's interpretation of the statute, and we agree with the trial court. (Emphasis in original.)
CT Page 295
As Ferrante limits recovery by insurers to those situations enumerated in 38-175a-6 and DelGreco limits the recovery under the only applicable section of the regulation to that available from other automobile liability insurance, the claim of Aetna in this case cannot be permitted.
Defendant's motion for summary judgment (number 144) is granted and plaintiff's motion for summary judgment (number 140) is denied.
E. EUGENE SPEAR, JUDGE